# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| KENNEDY N. OMANWA, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 1:18-CV-93 |
| v. | ) |
| | ) Judge Travis R. McDonough |
| MID-CENTURY INSURANCE | ) |
| COMPANY d/b/a FARMERS | ) Magistrate Judge Susan K. Lee |
| INSURANCE and MATHEWS | ) |
| CONSTRUCTION, INC. | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

Plaintiff initiated this action on May 11, 2018, asserting claims against Defendants for: (1) breach of contract; (2) negligent misrepresentation; (3) declaratory and injunctive relief; (4) specific performance; (5) unjust enrichment; (6) vexatious refusal to pay; (7) "Violation of the Insurance Act, Code of Federal Regulations and Federal Common Law"; and (8)"Bad Faith." (Doc. 1, at 9–11, 13–16.) In his complaint, Plaintiff asserts that the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. (*Id.* at 2.) Additionally, Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*. and for "Violation of the Insurance Act, Code of Federal Regulations and Federal Common Law" may provide the court with federal-question jurisdiction pursuant to 28 U.S.C. § 1331. (*See id.* at 2, 11, 15–16.)

Federal courts have a duty to determine whether they have subject-matter jurisdiction and may raise the issue *sua sponte* at any point in a proceeding. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*

*Co. of America*, 511 U.S. 375, 377 (1994). Congress has conferred upon this Court jurisdiction to hear only two types of civil cases—those arising under the United States Constitution and the laws and treaties of the United States, 28 U.S.C. § 1331, and those cases in which the amount in controversy exceeds $75,000 and each plaintiff is diverse from each defendant, 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The plaintiff bears the burden of proving that subject-matter jurisdiction exists. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). The Court notes as well that Plaintiff is *pro se*, (*see* Doc. 1, at 20), and that courts must construe *pro se* plaintiffs' complaints liberally, *Boag v. McDougall,* 454 U.S. 364, 365 (1982).

This Court does not have diversity jurisdiction under 28 U.S.C. § 1332 because the parties lack complete diversity: Plaintiff is a Tennessee resident and Defendant Mathews Construction is a Tennessee corporation.[1] (Doc. 1, at 2–3.) Thus, this case lacks the complete diversity required under 28 U.S.C. § 1332. *See Kroger*, 437 U.S. at 373.

The Court lacks subject-matter jurisdiction under 28 U.S.C. § 1331 as well because Plaintiff's complaint does not assert a federal question. "A complaint arises under federal law if it: (1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal-law claims in disguise." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)). Plaintiff's complaint does not include state-law claims that necessarily depend on a substantial and disputed federal issue, does

---

[1] According to its certificate of corporate interest, Defendant Mid-Century Insurance Company ("Mid-Century") is a California corporation. (Doc. 12, at 1.)

not raise state-law claims that are completely preempted by federal law, and does not artfully plead state-law claims that amount to federal claims in disguise. Accordingly, the only potential basis for federal-question jurisdiction is if Plaintiff's complaint states a federal cause of action.

Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*. and for "Violation of the Insurance Act, Code of Federal Regulations and Federal Common Law" do not state a federal cause of action. First, claims made pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq*., do not independently establish federal subject-matter jurisdiction; rather, a federal court must have jurisdiction under some other federal statute. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950); *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007). Second, although Plaintiff asserts a claim for "Violation of the Insurance Act, Code of Federal Regulations and Federal Common Law," Plaintiff fails to identify any federal statute, regulation, or common law underlying the purported claim. General references to common law and unidentified statutes and regulations are insufficient to state a federal cause of action. *See Brunner*, 629 F.3d at 532 (stating that when an allegation "exists at a nose-bleed level of generality . . . [,] more information is required").

Plaintiff has not alleged a cause of action arising out of the Constitution, laws, or treaties of the United States, nor has the Plaintiff alleged facts supporting diversity jurisdiction. Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Defendant Mid-Century Insurance Company's motion to dismiss for failure to state a claim (Doc. 10) is **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

    **/s/** *Travis R. McDonough*
    **TRAVIS R. MCDONOUGH**
    **UNITED STATES DISTRICT JUDGE**